## THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| **Mubarak H. Ibrahim,** | ) | Bankruptcy No. 23-07031 |
| Debtor. | ) | |
| | ) | |
| Erika Spyropoulos and the Estate of | ) | |
| Theodore G. Spyropoulos, | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Plaintiff, | ) | Adversary No. 23-00393 |
| v. | ) | |
| | ) | |
| **Mubarak H. Ibrahim** | ) | |
| Defendant | ) | |

## MUBARAK H. IBRAHIM'S ANSWER AND
## AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT

Now comes Mubarak H. Ibrahim ("Defendant" and/or "Mubarak"), by and through his attorneys, Chester H. Foster, Jr. and Keevan D. Morgan, and for his answer and affirmative defenses to Plaintiff's adversary complaint (the "Adversary Complaint"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334(b). This is an action that arises under the Bankruptcy Code and is related to the bankruptcy case of the Debtor/Defendant.

   **ANSWER:** Admitted

2.   This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). 2. This action is brought pursuant to 11 U.S.C. §§ 727(a)(2)(B), and 727(a)(4), Rules 4004 and 7001(4) of the Federal Rules of Bankruptcy Procedure.

   **ANSWER**: Admitted

3.   Plaintiffs are pre-petition creditors of the Debtor pursuant to a judgment entered against Defendant in Plaintiffs' favor in the action that was pending in the Circuit Court of Cook County, Illinois, captioned as *Erika Spyropoulos, as successor to the Theodore G. Spyropoulos Trust v. Mubarak Ibrahim*, as Case No. 2020 L 001768.

   **ANSWER**: Admitted

1

4. On May 28, 2023, Debtor filed his voluntary Petition, Schedules and Statement of Financial Affairs to initiate a case under Chapter 7 of the Bankruptcy Code (DE 1) (the "Bankruptcy Case").

**ANSWER**: Admitted

5. On May 30, 2023, Debtor filed his Amended Petition (DE 9).

**ANSWER**: Admitted

6. On July 31, 2023, Debtor filed his Amended Schedules A/B and I (DE 16).

**ANSWER**: Admitted

7. On October 23, 2023, Debtor filed his Amended Statement of Financial Affairs (DE 25).

**ANSWER**: Admitted

8. On October 24, 2023, Plaintiffs examined the Debtor by agreement pursuant to F.R.B.P. 2004 ("2004 Exam").

**ANSWER**: Admitted

9. On October 26, 2023, the Debtor filed his Amended Schedules A/B and C (DE 26).

**ANSWER**: Admitted

## COUNT I
## DENIAL OF A DISCHARGE PURSUANT TO SECTION 727(a)(4)

10. Claimants fully incorporate all preceding paragraphs by this reference as if set forth herein.

**ANSWER**: Defendant incorporates his answers to all preceding paragraphs by this reference as if set forth herein.

11. The Defendant violated of **§** 727(a)(4)(A) of the Bankruptcy Code, including as follows:

    A. The Defendant failed to disclose in his Statement of Financial Affairs, despite the amendment filed on October 23, 2023, that the following litigation or legal proceedings were pending against him within one year of the commencement of the Defendant's bankruptcy case: (i) the action captioned as, *Gas Depot Oil Company v. Mubarik Ibrahim* that is pending in the Circuit Court of Cook County, Illinois as Case No. 2022-CH-11864; (ii) the action captioned as, *Brandy*

2

*Garner v. Mubarik Ibrahim*, that is pending in the Circuit Court of Cook County, Illinois as Case No. 2022-M5-005326 that was filed on September 26, 2022; (iii) an appeal before the State of Illinois Property Tax Appeal Board as Docket No. 2021-20150; (iv) an appeal before the State of Illinois Property Tax Appeal Board as Docket No. 2022-21020; (v) an appeal before the State of Illinois Property Tax Appeal Board as Docket No. 2020-46855; (vi) proceeding before the Cook County Board of Review as Docket No. 1410078-001 through 007.

**ANSWER**: Mubarak denies that he violated **§** 727(a)(4)(A) of the Bankruptcy Code by knowingly and fraudulently failing to disclose the matters described in paragraph 11 A of the Adversary Complaint

B. The Debtor failed to disclose in his Schedules, despite amendments to his Schedules A/B on July 31, 2023, and October 26, 2023, the Debtor's ownership of a 9 mm Taurus PT92 handgun purchased on September 13, 2021, from Chicago Ridge Sports, Gun & Range, Inc.

**ANSWER**: Mubarak denies that he violated **§** 727(a)(4)(A) of the Bankruptcy Code by knowingly and fraudulently failing to disclose in his Schedules, despite amendments to his Schedules A/B on July 31, 2023, and October 26, 2023, the Debtor's ownership of a 9 mm Taurus PT92 handgun purchased on September 13, 2021, from Chicago Ridge Sports, Gun & Range, Inc.

C. The Defendant failed to disclose in his Statement of Financial Affairs, despite the amendment filed on October 23, 2023, that he made gifts to Abdulah Ibrahim in the two years prior to the commencement of the Debtor's bankruptcy case in excess of $600.

**ANSWER**:  Denied.

D. The Defendant failed to disclose his interest in a business known as Bubbles Car Wash located at 1190 Marshfield, Homer Glen, Illinois.

**ANSWER**: Denied.

E. The Debtor testified falsely at the 2004 Exam that he had no affiliation with Peoples Petroleum, Inc.

**ANSWER**:  Denied.

F. The Debtor testified falsely at the 2004 Exam concerning a lease executed on December 20, 2019, and May 26, 2020 relating to the real property commonly known as 1190 Marshfield, Homer Glen, Illinois.

**ANSWER**: Denied.

    G. The Debtor failed to disclose any interests in any insurance in his Schedules.

**ANSWER**: Mubarak denies that he violated § 727(a)(4)(A) of the Bankruptcy Code by knowingly and fraudulently failing to disclose any interests in any insurance in his Schedules.

    H. The Debtor failed to disclose the ownership of a Seiko watch in the Schedules filed on May 28, 2023, and July 31, 2023.

**ANSWER**: Mubarak denies that he violated § 727(a)(4)(A) of the Bankruptcy Code by knowingly and fraudulently failing to disclose the ownership of a Seiko watch in the Schedules filed on May 28, 2023, and July 31, 2023.

    I. The Debtor failed to disclose in Schedule I filed on May 28, 2023 and amended on July 31, 2023, income received by the Debtor's non-debtor spouse, Sawsan Homsi, derived from a gaming license affiliated with the real property at 11900 Marshfield, Homer Glen, Illinois.

**ANSWER**: Mubarak denies that he violated § 727(a)(4)(A) of the Bankruptcy Code by knowingly and fraudulently failing to disclose in Schedule I filed on May 28, 2023 and amended on July 31, 2023, income received by the Debtor's non-debtor spouse, Sawsan Homsi, derived from a gaming license affiliated with the real property at 11900 Marshfield, Homer Glen, Illinois.

    J. The Debtor made a false oath on the Petition and the Amended Petition filed on May 28, 2023, and May 30, 2023, respectively, that Defendant had completed a pre-filing credit counseling course prior to the commencement of the Defendant's bankruptcy case.

**ANSWER**: Denied

12. Accordingly, pursuant to 11 U.S.C. § 727(a)(4)(A), the Defendant is not entitled to a discharge based on false oaths in the Bankruptcy Case.

**ANSWER**: Denied

WHEREFORE, Defendant, Ibrahim H. Mubarak prays that the Court enter judgment in his favor on Count I of Plaintiffs' Complaint, enter an Order granting him a discharge and for such other and further relief as this Court deems just and proper.

## COUNT II
## DENIAL OF A DISCHARGE PURSUANT TO § 727(a)(5)

13.    Claimants fully incorporate the allegations contained in paragraphs 1 through 10, as if fully stated herein.

**ANSWER**:  Defendant incorporates his answers to all preceding paragraphs by this reference as if set forth herein.

14.    The Defendant has failed to explain satisfactorily, before determination of the denial of a discharge pursuant to § 723(a)(5) of the Bankruptcy Code, a loss of assets or deficiency of assets to meet the Defendant's liabilities, including the following "failure to explain":

**ANSWER**:  Denied

   A. The Defendant failed to explain the use of proceeds from a certain gaming license that Defendant owns individually or through nominees arising from a gas station and convenience store located at 11900 Marshfield, Homer Glen, Illinois; and

**ANSWER**:  Denied

   B. The Defendant failed to explain satisfactorily the sale of the equity securities, a leasehold or the assets of 11900 Marshfield Station, Inc. to Sawsan Homsi, the Debtor's wife;

**ANSWER**:  Denied

   C. The Defendant failed to explain his interest in a business known as Bubbles Car Wash located at 1190 Marshfield, Homer Glen, Illinois; and,

**ANSWER**: Denied

   D. The Defendant failed to explain payments from 1190 Marshfield Station, Inc. to 1190 Marshfield, LLC of approximately $350,000 that occurred prior to the commencement of the Defendant's bankruptcy case.

**ANSWER**: Denied

15.    Accordingly, pursuant to 11 U.S.C. § 727(a)(5), the Defendant is not entitled to a discharge based on his failure to explain satisfactorily, before determination of the denial of a discharge pursuant to Section 723(a)(5) of the Bankruptcy Code, a loss of assets or deficiency of assets to meet the Defendant's liabilities.

**ANSWER**:  Denied

5

WHEREFORE, Defendant, Ibrahim H. Mubarak prays that the Court enter judgment in his favor on Count II of Plaintiffs' Complaint, enter an Order granting him a discharge and for such other and further relief as this Court deems just and proper.

## COUNT III
## DENIAL OF A DISCHARGE PURSUANT TO SECTION 727(a)(3)

16. Claimants fully incorporate the allegations contained in paragraphs 1 through 10, as if fully stated herein.

>   **ANSWER**: Defendant incorporates his answers to all preceding paragraphs by this reference as if set forth herein.

17. The Defendant has failed to keep or preserve any recorded information, including books, documents, records and papers from which the Defendant's financial condition or business transactions might be ascertained, all of which omissions are unjustified under all of the circumstances of the case, including the following:

>   **ANSWER**: Denied

>   A. The Defendant failed to preserve recorded information concerning the sale of the equity securities, lease or the assets of 11900 Marshfield Station, Inc. to Sawsan Homsi, the Debtor's wife; and

>   **ANSWER**: Denied

>   B. The Defendant failed to preserve recorded information concerning the proceeds from a certain gaming license that Defendant owns individually or through nominees arising from a gas station and convenience store located at 11900 Marshfield, Homer Glen, Illinois.

>   **ANSWER**: Denied

18. Accordingly, pursuant to 11 U.S.C. § 727(a)(3), the Defendant is not entitled to a discharge based on his failure to preserve recorded information from which the Defendant's financial condition or business transactions might be ascertained, all of which omissions are unjustified under all of the circumstances of the case.

>   **ANSWER**: Denied

WHEREFORE, Defendant, Ibrahim H. Mubarak, prays that the Court enter judgment in his favor on Count III of Plaintiffs' Adversary Complaint, enter an Order granting him a discharge and for such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSE TO COUNT II

Although Defendant denies Plaintiffs' allegations that he has not explained a loss or deficiency of assets to meet the Defendant's liabilities before the denial of his discharge, Defendant has invited Plaintiffs to serve Defendant with written discovery and to take his deposition, to allow Defendant to explain such loss or deficiency adequately under the law.

                Respectfully submitted,
                Mubarak H. Ibrahim
                By: *s/s Chester H. Foster, Jr.*
                    One of His Attorneys

Chester H. Foster Jr.
Foster Legal Services, PLLC
16311 Byron Drive, Orland Park, IL 60462
Phone: 708-403-3800
Attorney No. 03122632

Keevan D. Morgan
Morgan & Bley, Ltd.
900 W. Jackson Blvd., Suite 4 East
Chicago, Illinois 60607
Tel: 312-802-0003
Attorney No. 1958844

## CERTIFICATE OF SERVICE

I, Chester H. Foster, Jr., certify that I caused a copy of the attached "*Mubarak H. Ibrahim's Answer and Affirmative Defenses to Adversary Complaint*" to be served via ECF service upon the parties registered for ECF service on January 26, 2024.

                */s/Chester H. Foster, Jr.*